UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY E. BROWDER,

    *Plaintiff*,

v.

CHRISTINE WORMUTH, et al.,

    *Defendants*.

Civil Action No. 18-2411 (TJK)

**MEMORANDUM OPINION & ORDER**

In this long-running dispute between Plaintiff Gregory E. Browder and Defendant Secretary of the Army, Browder filed a Second Amended Complaint in which he requests that the Court vacate the Army's final action on his request for correction of his military service records. The Secretary moves to dismiss, arguing that later developments, including Browder's backdated promotion, have mooted the case and that, alternatively, the complaint fails to state a claim. Browder argues that the case is not moot because he seeks relief beyond what the Army has already awarded him and that, to the contrary, he *has* stated a claim. The Court agrees with Browder on both fronts, so it will deny the Secretary's motion to dismiss. But it will also deny without prejudice Browder's motion for summary judgment, which he filed simultaneously with his opposition to the Secretary's motion.

**I.**  **Background**

    **A.**  **Factual Background**

In his Second Amended Complaint, Browder alleges that, in Fiscal Year 2017, he was slated to be promoted to the rank of colonel in the United States Army. ECF No. 49 ¶¶ 47, 86. Before that could happen, however, the then-Secretary of the Army withdrew his recommendation

to promote Browder. *Id.* ¶ 58. Though the Secretary eventually decided to restart Browder's promotion process, the delay caused Browder to become ineligible for promotion because his eligibility period expired. *Id.* ¶ 59.

Browder alleges that the Secretary's decision to withdraw his recommendation stemmed from years of discriminatory investigations into unfounded claims that he had retaliated against a whistleblower and had poor leadership qualities. ECF No. 49 ¶¶ 18–58. So, in 2017, Browder submitted a request to the Army Board for Correction of Military Records ("ABCMR") that investigators "reconsider their investigations" into Browder's alleged retaliation and "negative command climate." *Id.* ¶ 34. He then argued his case before the ABCMR in 2018, and it found "by a preponderance of the evidence that the investigations relative to [Browder] were not initiated or conducted in a fair or unbiased manner." *Id.* ¶¶ 41–44. The ABCMR thus recommended that seven investigations be removed from his record, that he "be promoted to Colonel, . . . that he be reconsidered for FY2016 promotion to colonel by a standby selection board, and that he be reconsidered for all missed command selection opportunities." *Id.* ¶¶ 45–47.

Browder alleges that the then-Assistant Secretary of the Army (Manpower and Reserve Affairs) adopted none of these recommendations. ECF No. 49 ¶ 48. Instead, in June 2018, the Assistant Secretary ordered the Department of the Army's Inspector General ("DAIG") to reinvestigate Browder and recommended that the Department of Defense's Inspector General ("DODIG") do the same. *Id.* ¶ 49. By February 2021, both offices had found that the claims about Browder's purported misconduct were "Not Substantiated." *Id.* ¶¶ 50–66.

In response to these reinvestigations the Assistant Secretary issued a memorandum in October 2021 (the "2021 Memorandum") outlining the Army's final action on Browder's 2017 submission to the ABCMR. ECF No. 49 ¶ 67. In it, the Assistant Secretary:

      a.    Administratively removed [Browder] from the Fiscal Year 2017 Promotion List, effective November 27, 2017, to facilitate referral to a Special Selection Board.
      b.    Referred [Browder] to a FY2018 Special Selection Board.
      c.    Referred [Browder] to a FY201[9] Special Selection Board, if not selected by the FY2018 Board.
      d.    Ordered that, should [Browder] be selected for promotion by either board, [he] be referred to the next command selection board for which he was eligible.
      e.    [O]rdered that, should he be selected for promotion, [Browder]'s date of rank and effective date of rank be administratively adjusted to match the dates and position associated with his prior selection by the FY2017 promotion board.

*Id.*; *see also* ECF No. 49-1 ¶¶ 4–7. Relevant here, the Assistant Secretary did not address the ABCMR's recommendation "that LTC Browder be 'reconsidered for FY16 promotion to colonel by a standby promotion board.'" ECF No. 49-1 ¶ 1. A year later, in October 2022, Browder was promoted to the rank of colonel. ECF No. 60-5 at 1. That promotion was then backdated to reflect a May 2017 promotion date.[1] ECF No. 60-7 at 1.

    **B.**    **Procedural History**

Browder sued in October 2018, well before many of the events described above. ECF No. 1. For this reason, the Court first remanded the case to the Department of the Army so that the Secretary could take final agency action on Browder's ABCMR request. Minute Order of August 19, 2021. Once the Secretary issued the 2021 Memorandum, the Court permitted Browder to file a Second Amended Complaint. Minute Order of May 3, 2022; ECF No. 49. Then, after learning that Browder had been nominated for a promotion, the Court ordered the parties to address whether there remained "any disputes that require judicial resolution." Minute Order of September

---

[1] Though Browder's complaint does not discuss his promotion, these facts are relevant to whether his claims are moot. "When assessing mootness, a court 'may also consider material beyond the allegations in the complaint . . . so long as it accepts the factual allegations in the complaint as true.'" *Hinton v. District of Columbia*, 567 F. Supp. 3d 30, 42 n.3 (D.D.C. 2021) (alteration in original) (quoting *Holland v. ACL Transp. Servs.*, 815 F. Supp. 2d 46, 52 (D.D.C. 2011)).

29, 2022. The parties continued to dispute whether the case is moot. ECF No. 57 at 2.

Thus, the Secretary moves to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Browder's promotion mooted his claims and that, alternatively, the "Court lacks the ability to order" Browder's requested relief on the merits. ECF No. 60-1 at 5. Browder opposes that motion and also moves for summary judgment, which the Secretary opposes. ECF Nos. 62, 63, 64.

## II.     Legal Standards

"Article III of the Constitution permits federal courts to adjudicate only 'actual, ongoing controversies.'" *Ramirez v. U.S. Immigr. & Customs Enf't*, 338 F. Supp. 3d 1, 32 (D.D.C. 2018) (quoting *Honig v. Doe*, 484 U.S. 305, 317 (1988)). One facet of this rule, known as the doctrine of mootness, applies when "events have so transpired that the decision [of the court] will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Id.* (quoting *Pharmachemie B.V. v. Barr Labs., Inc.*, 276 F.3d 627, 631 (D.C. Cir. 2002)). If a court would be unable to "to grant 'any effectual relief whatever' to the prevailing party," a case is moot. *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (quoting *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)). Thus, courts must dismiss cases for lack of jurisdiction "when a party has already obtained all the relief that [he] has sought." *Ramirez*, 338 F. Supp. 3d at 32 (quoting *Schnitzler v. United States*, 761 F.3d 33, 37 (D.C. Cir. 2014)). During this inquiry, a court should not consider the merits of the claim or a party's likelihood of success. *Id.* And "'[t]o prevail on [a] Rule 12(b)(1) motion to dismiss for lack of jurisdiction,' the movant 'bears the "heavy burden" of establishing that the case is moot.'" *Lewis v. U.S. Parole Comm'n*, No. 22-cv-2182-RCL, 2024 WL 3566135, at *2 (D.D.C. July 29, 2024) (first alteration in original) (quoting *Zukerman v. U.S. Postal Serv.*, 961 F.3d 431, 441 (D.C. Cir. 2020)).

"A court must dismiss a claim for relief under Rule 12(b)(6) when the complaint 'fail[s] to

4

state a claim upon which relief can be granted.'" *Page v. Mancuso*, 999 F. Supp. 2d 269, 274 (D.D.C. 2013) (quoting Fed. R. Civ. P. 12(b)(6)). "In evaluating a motion to dismiss, the court must accept as true all factual allegations in the complaint, and the plaintiff should receive the benefit of all inferences that can be derived from the facts alleged." *Id.* As a corollary, courts generally will not stray beyond the facts alleged in a complaint. *Id.* at 275. Only from those does a court determine whether a plaintiff has pleaded sufficient factual material to make a claim for relief "plausible on its face." *Id.* In other words, the complaint "must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Mere conclusory allegations and legal conclusions cannot make a claim plausible on its face. *Browning v. Clinton*, 292 F.3d 235, 242–43 (D.C. Cir. 2002).

## III.   Analysis

In the Second Amended Complaint, Browder asks the Court to: (1) vacate the 2021 Memorandum issued by the Assistant Secretary as arbitrary, capricious, and contrary to law; (2) order that Browder "be granted the 2016 [special selection board] recommended by the ABCMR"; and (3) grant all other relief "the Court finds necessary and proper." ECF No. 49 at 21–22. The Secretary responds mainly by arguing that Browder's backdated promotion moots his claims. ECF No. 60-1 at 5. The Court disagrees. As explained below, Browder continues to have a concrete interest in this case because he has requested additional relief that the Secretary has not already awarded to him. And the Court further concludes that Browder has plausibly alleged that the 2021 Memorandum was arbitrary, capricious, and contrary to law. So the Court will deny the Secretary's motion to dismiss.

### A. Browder's Case Is Not Moot

The Secretary argues that when Browder "filed his Second Amended Complaint, [his] ultimate goal was to be promoted to colonel—something that has since occurred." ECF No. 60-1 at 12. She also argues that, since that promotion was backdated "to match the dates and position associated with [Browder's] prior selection by the Fiscal Year 2017 Colonel Promotion Selection Board," Browder has been made whole with "no other relief available to him." *Id.* at 15–16. Thus, she says, the case is moot.

The Court agrees with the Secretary that, to the extent Browder seeks relief aimed at getting him promoted backdated to 2017, such claims *are* moot. The same is true for any claims that the seven identified investigations should be removed from his service records. *See* ECF No. 62 at 15. Browder himself concedes that "the erroneous charges" against him "ha[ve] since been overturned and removed from [his] records." *Id.* at 20. On those two points Browder has already been given everything he wants. *Schnitzler*, 761 F.3d at 37. So far, so good.

But none of that means the entire case is moot. Browder also alleges that the 2021 Memorandum improperly (and without explanation) failed to order that, as recommended by the ABCMR, he be reconsidered for a FY *2016* promotion to colonel. ECF No. 49 ¶¶ 85, 89–93. Browder has thus asserted injuries not remedied by his FY *2017* promotion. *See id.* at 21–22. So he has not "already obtained *all* the relief that [he] has sought." *Schnitzler*, 761 F.3d at 37 (emphasis added) (quoting *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013)).

Still, the Secretary maintains that the case is moot because, "[a]s discussed in the Rule 12(b)(6) discussion below, there is no other relief available to [Browder]—especially not a fiscal year 2016 special selection board." ECF No. 60-1 at 16. At bottom, the Secretary's argument is that the case is moot because the law does not authorize either her or the Court to grant Browder the relief he seeks—reconsideration for a FY 2016 promotion. But, as the Secretary's reference

6

to Rule 12(b)(6) reflects, this argument "confuses mootness with the merits." *Chafin v. Chafin*, 568 U.S. 165, 174 (2013). Disputed "questions regarding the 'legal availability of a certain kind of relief' go to the merits of a case, not mootness." *Sandpiper Residents Ass'n v. HUD*, 106 F.4th 1134, 1142 (D.C. Cir. 2024) (quoting *Chafin*, 568 U.S. at 174). And, in evaluating mootness, courts "assume that the plaintiffs would be successful on the merits." *Jud. Watch, Inc. v. Kerry*, 844 F.3d 952, 955 (D.C. Cir. 2016). So, for mootness purposes—and those purposes only—the Court must assume that the law authorizes the relief Browder seeks. If it does, then Browder has not obtained everything he asks for, and the Court can still grant effectual relief. Thus, the case is not moot.

### B. Browder's Second Amended Complaint States a Claim Relating to His Backdated Promotion to Colonel for FY 2016

Browder has plausibly alleged that the 2021 Memorandum was arbitrary, capricious, and contrary to law with respect to its handling of the ABCMR's recommendation that he be reconsidered for promotion to colonel for FY 2016. Under the Administrative Procedure Act, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . , is entitled to judicial review thereof." 5 U.S.C. § 702. Such agency action must be set aside when it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* § 706(2)(A). Browder states such a claim through two cognizable theories.

First, Browder alleges that the 2021 Memorandum should be set aside because the Assistant Secretary acted arbitrarily, capriciously, and contrary to law in refusing to correct his military records by vacating the Army's FY 2016 decision not to promote him, and in rejecting the ABCMR's recommendation that he be reconsidered for a FY 2016 promotion. ECF No. 49 ¶¶71–89. 10 U.S.C. § 1552 and the Army's implementing regulations permit those like Browder to apply for the "correction of military records to remove an error or injustice." 32 C.F.R.

7

§ 581.3(c)(2)(i).  Browder alleges that, under that statute, the Assistant Secretary has "a legal mandate to restore [Browder] to the position [he] would have been in had [an] error or injustice not occurred."  ECF No. 49 ¶ 73 (first citing *Dilley v. Alexander*, 627 F.2d 407, 411 (D.C. Cir. 1980), and then citing *DeBow v. United States*, 434 F.2d 1333, 1335 (Ct. Cl. 1970)).  And he alleges that the 2021 Memorandum violated that "legal mandate" by failing to correct Browder's records and adopt the ABCMR's recommendation that a special selection board reconsider Browder for a FY 2016 promotion.  ECF No. 49 ¶¶ 73, 85.

The Secretary does not dispute that, if there were an error or injustice present in Browder's military records, the Secretary would have to correct those records and return Browder to the position he would have been in but for that error or injustice.  She merely argues that Browder has identified no error or injustice in his FY 2016 promotion process.  ECF No. 60-1 at 17.  The Court disagrees, after reading the complaint in the light most favorable to Browder and drawing all reasonable inference in his favor.  *See LaRoque v. Holder*, 650 F.3d 777, 785 (D.C. Cir. 2011).  Browder specifically alleges that the ABCMR recommended that a special selection board reconsider him for a FY 2016 promotion.  ECF No. 49 ¶ 47.  Such reconsideration boards may be convened only when the prior promotion process suffered from "material unfairness."  10 U.S.C. § 628(b)(1).  And the ABCMR's Record of Proceedings shows that Browder testified that one member of his FY 2016 command selection board was biased against him; that member was the same officer "who had initiated" the unfair and biased investigations against him.[2]  ECF No. 1-5

---

[2] Though the ABCMR's Record of Proceedings was attached only to Browder's original complaint, and not his amended complaint, the Court may still consider that document as it is repeatedly "referred to in the complaint and [] integral to [the plaintiff's] claim."  *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1133 (D.C. Cir. 2015) (alterations in original) (quoting *Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004)).  Thus, these allegations are fairly encompassed within Browder's operative complaint, and, although Browder more clearly emphasizes

at 41.  Browder's complaint can thus fairly be read as alleging that his FY 2016 promotion process was materially unfair due to the presence of a biased member on his selection board.³  So he has plausibly alleged that the Assistant Secretary, by refusing to correct Browder's military records in response to this material unfairness, acted arbitrarily, capriciously, and contrary to law.

Second, Browder alleges that the 2021 Memorandum was arbitrary, capricious, and contrary to law for failing to explain *why* it departed from the ABCMR's recommendation.  ECF No. 49 ¶¶ 90–93.  Whenever the Secretary of the Army "does not accept the ABCMR's recommendation, adopts a minority position, or fashions an action that he or she deems proper and supported by the record," the Secretary must put "that decision . . . in writing and . . . include a brief statement of the grounds for denial or revision."  32 C.F.R. § 581.3(g)(3).  By requiring just a "brief statement," § 581.3(g)(3) does not impose an onerous burden.  Still, the regulations require *some* statement.  And an agency acts arbitrarily and capriciously when it "fails to 'comply with its own regulations.'"  *Nat'l Env't Dev. Assoc.'s Clean Air Project v. EPA*, 752 F.3d 999, 1009 (D.C. Cir. 2014) (quoting *Environmentel, LLC v. FCC*, 661 F.3d 80, 85 (D.C. Cir. 2011)).

The Secretary concedes that the Assistant Secretary "departed from the [ABCMR]'s recommendation" in the 2021 Memorandum.  ECF No. 60-1 at 14.  But she maintains that the

---

these allegations in his response to the Secretary's motion to dismiss, he has not impermissibly attempted to add new allegations or amend his complaint through his response.

³ The Secretary's response that Browder "personally certified that his board filed [sic] did not contain any errors" does not undermine the conclusion that Browder has stated a claim.  ECF No. 60-1 at 17.  Browder does not allege that his board file contained errors, but that a board member was biased against him.  In any event, the Secretary supports this argument by submitting new evidence not tied to Browder's complaint.  *See id.* (citing ECF No. 60-8).  But when ruling on a motion to dismiss under Rule 12(b)(6), the Court is limited to the complaint, documents incorporated within the complaint, and facts susceptible to judicial notice.  *Mirv Holdings, LLC v. U.S. Gen. Servs. Admin.*, 454 F. Supp. 3d 33, 41 (D.D.C. 2020).  The Secretary does not explain how her exhibits fit into those categories.

Assistant Secretary denied reconsideration for a FY 2016 promotion, "[a]s demonstrated in the Assistant Secretary's memorandum," because "no such relief is available." *Id.* at 16. The Court finds no such "demonstrat[ion]" in the 2021 Memorandum. *Id.* The 2021 Memorandum acknowledges that the ABCMR recommended that Browder be reconsidered for a FY 2016 promotion. ECF No. 49-1 ¶ 1. Then, it briefly discusses the DAIG's and DODIG's reinvestigations into Browder's alleged misconduct. *Id.* ¶¶ 2–3. Finally, after representing that the Assistant Secretary "reviewed the findings, conclusions, and [ABCMR] recommendations," it concludes only that there was "sufficient evidence to grant additional partial relief"—excluding, without explanation, reconsideration for a FY 2016 promotion. *Id.* ¶¶ 4–7. Nowhere does it explain why the Assistant Secretary declined to adopt that recommendation.

Undeterred, the Secretary argues that the Assistant Secretary *did* explain his decision by referring Browder to be considered for promotion to colonel by FY 2018 and FY 2019 special selection boards. *See* ECF No. 49-1 ¶ 6. According to the Secretary, since the Assistant Secretary ordered *that* relief "in order to correct an error," we can infer that he declined to order the ABCMR's recommended FY 2016 relief since Browder's FY 2016 promotion process contained no such error that would need to be corrected. ECF No. 60-1 at 18 (quoting ECF No. 49-1 ¶ 6). But inference and implication are not enough under 32 C.F.R. § 581.3(g)(3)(i). *See Fuller v. Winter*, 538 F. Supp. 2d 179, 189 (D.D.C. 2008) ("[I]mplicitly addressing arguments is not enough under the [similarly worded Naval analogue to § 581.3(g)(3)(i)] (or the APA, for that matter)." (quotation omitted)). The regulation requires the Secretary—or her delegee, the Assistant Secretary—to briefly explain, "in writing," "the grounds for denial or revision" of the ABCMR's recommendations. 32 C.F.R. § 581.3(g)(3)(i). And the Assistant Secretary did not do so with respect

to why he did not grant Browder reconsideration for a FY 2016 promotion.[4]

Finally, the Secretary argues in her reply brief that Browder's claim is not properly before the Court because Browder failed to exhaust his administrative remedies. ECF No. 64 at 4 & n.3. This argument gets her nowhere. Browder asserts a claim that the 2021 Memorandum was arbitrary, capricious, and contrary to law because it did not correct a material unfairness with respect to his promotion to colonel for FY 2016, and it failed to explain why the Assistant Secretary departed from the ABCMR's recommendation. The Secretary does not explain how Browder could have challenged this final agency action through additional Army proceedings. And in any event, Browder *did* argue before the ABCMR that the FY 2016 process was materially unfair, as explained above.[5] ECF No. 1-5 at 41. Again, the Secretary simply does not explain what more Browder needed to do.

For these reasons, Browder has adequately stated a claim that the 2021 Memorandum should be set aside as arbitrary, capricious, and contrary to law, and the Court will deny the Secretary's motion to dismiss.

### C.     Browder's Motion for Summary Judgment is Premature

Besides opposing the Secretary's motion to dismiss, Browder also moves for summary judgment. The Court will deny that motion without prejudice as premature. "[T]his Court cannot

---

[4] The Secretary might also be arguing that any error was harmless. *See* 5 U.S.C. § 706 (flush language). But that argument is based on the Secretary's (inaccurate) contention that, because Browder did not allege that there was any material unfairness in his FY 2016 promotion process, the Secretary would have been statutorily compelled to reject the ABCMR's recommendation anyway. The Court is also in no position to assess the harmlessness of any error because it does not appear that the complete administrative record has been compiled and produced to Browder, nor has an appendix with the relevant portions of the complete administrative record been filed.

[5] Indeed, if the relief recommended by the ABCMR is any indication, it both considered and credited that argument.

11

review a decision under the APA without having the entire administrative record before it." *Int'l Longshoremen's Ass'n, AFL-CIO v. Nat'l Mediation Bd.*, No. 04-cv-824-RBW, 2005 WL 850358, at *4 (D.D.C. Mar. 30, 2005); *see also see also* 5 U.S.C. § 706 (in reviewing agency action under the APA, "the court shall review the whole record or those parts of it cited by a party"). "Without the administrative record, this Court has no ability to determine whether the agency's action was rational, or whether it was arbitrary and capricious." *Int'l Longshoremen's Ass'n, AFL-CIO*, 2005 WL 850358, at *4; *see also Nat. Res. Def. Council, Inc. v. Train*, 519 F.2d 287, 291 (D.C. Cir. 1975) (finding "error" when "the court proceeded with its review on the basis of a partial and truncated [administrative] record"). Indeed, this Court's Local Rules contemplate that "motions involving judicial review of administrative agency actions," such as Browder's motion for summary judgment, will be based on the administrative record. LCvR 7(n); *see also* LCvR 7(h) cmt. It does not appear that the complete administrative record has been compiled and produced to Browder, nor has an appendix with its relevant portions been filed. Certainly, he does not cite to the administrative record in his motion. Thus, Browder's motion is premature.

### IV.    Conclusion and Order

For all the above reasons, it is hereby **ORDERED** that Defendant's Motion to Dismiss, ECF No. 60, is **DENIED**. It is further **ORDERED** that Browder's Motion for Summary Judgment, ECF No. 63, is **DENIED WITHOUT PREJUDICE**. It is further **ORDERED** that the Secretary shall answer Browder's Second Amended Complaint by January 13, 2025. It is further **ORDERED** that the parties shall, by January 27, 2025, meet, confer, and file a joint status report detailing their positions on future proceedings in this case, including, if necessary, a proposed summary-judgment briefing schedule. The joint status report should also include each party's views on the likelihood of settlement and the potential usefulness of mediation to facilitate resolving the remaining portion of the dispute.

**SO ORDERED.**

                                              /s/ Timothy J. Kelly
                                              TIMOTHY J. KELLY
                                              United States District Judge

Date: December 19, 2024